UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAFAEL KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00266-GCS |
| ) | |
| VENERIO SANTOS, ) | |
| and ) | |
| BRIAN JONES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Rafael Kennedy brought this action against Defendants pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff amended his complaint on March 24, 2021 (Doc. 12), following notification from the Court that his initial complaint lacked a signature and was submitted in violation of Rule 11(a) of the Federal Rules of Civil Procedure. (Doc. 9). In his Amended Complaint, Plaintiff alleges that he received inadequate medical care for the following conditions: persistent chest pain, an abdominal hernia, and tumors in his groin area. (Doc. 12, p. 6-10). On March 16, 2022, the Court completed its preliminary review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 23). Plaintiff was permitted to proceed against Defendants in their individual capacities with the following counts:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendants Dr. Santos, Dr. Pelegrin, and Dr. Shaw concerning Plaintiff's chest pain, cysts and hernia;

**Claim 2:** Eighth Amendment deliberate indifference claim against Defendant Jones for ignoring Plaintiff's repeated requests for care.

On February 9, 2023, the Court granted in part and denied in part the motion for Summary Judgment as to Exhaustion of Administrative Remedies. (Doc. 78). Specifically, the Court denied the motion as to Defendant Santos in Count 1 concerning improper treatment of Plaintiff's chest pain and hernia. However, the Court granted the motion as to Defendant Santos in Count 1 concerning the improper treatment of Plaintiff's cysts and granted the motion as to Defendants Pelegrin and Shah. Thus, the Court dismissed without prejudice for failure to exhaust administrative remedies Plaintiff's claims against Pelegrin and Shah in Count 1 and against Defendant Santos in Count 1 concerning the improper treatment of Plaintiff's cysts.

Before the Court is Plaintiff's motion for preliminary injunction. (Doc. 83). Plaintiff requests the Court enter a preliminary injunction "ordering staff to issue Plaintiff hernia belt and to issue something [sic] for pain and to stop over riding [sic] doctors [sic] orders." Specifically, Plaintiff alleges that his hernia belt was confiscated during a shakedown and a new hernia belt was ordered but not issued to him. Defendants Santos and Jones filed oppositions. (Doc. 88, 91). For the reasons delineated below, the Court denies the motion.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

First, the Court finds that the request for the hernia belt is moot. The record reflects that Plaintiff received a hernia belt on August 30, 2023. (Doc. 88-1, p. 20). Thus, Plaintiff's requested relief is no longer needed as he received the hernia belt. *See, e.g.*, *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (holding that the PLRA bars claims for injunctive relief that are moot). Additionally, Defendant Santos retired from the IDOC on February

3, 2021, and he is no longer providing medical care to inmates in the IDOC. Thus, any claim for injunctive relief as to Defendant Santos is moot as he is not able to carry out any injunctive relief.

Second, Plaintiff, in his motion, raises new allegations against unnamed individuals that deal with matters that occurred *after* he filed this lawsuit. Specifically, Plaintiff raises new allegations regarding a shakedown of his cell claiming that correctional officers confiscated his hernia belt on April 13, 2023. The shakedown slip of this incident indicates that Defendant Jones was not involved in the shakedown of his cell and that no items were taken from his cell on April 13, 2023. (Doc. 88-2, Doc. 91-1). Notably, there is no apparent relationship between the facts and allegations contained in Plaintiff's motion and those in this case. Indeed, the named Defendants in the instant lawsuit are different than the individuals that he now complains about in his current motion. Furthermore, the claims in the instant motion are separate and distinct from the claims in this case. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate

to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 18, 2023.**

Digitally signed by Judge Sison
Date: 2023.12.18 12:08:29 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**